1  René L. Barge  (California SBN 182317)
   Katherine J. Odenbreit (California SBN 184619)
2  **CLASS ACTION LITIGATION GROUP**
   11111 Santa Monica Blvd., Suite 1000
3  Los Angeles, California 90025
   Tel:    (310)  481-9851
4  Fax:    (310)  479-7051

5  Attorneys for Plaintiffs, JENNIFER HART, SHEILA E. WASHINGTON and MARIA
6  MITCHELL, individually and on behalf of all individuals similarly situated

7                   UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA          **BY FAX**

9  JENNIFER HART, SHEILA R.
10 WASHINGTON and MARIA                  CASE NO.  07cv02779 GHK (AJW)
   MITCHELL, individually and on behalf of
11 all individuals similarly situated,    CLASS ACTION

12        Plaintiffs,                      **FIRST AMENDED COMPLAINT FOR
                                           DAMAGES, INJUNCTIVE RELIEF,
13     vs.                                 AND RESTITUTION**

14 MENU FOODS INCOME FUND; MENU          1.   Strict Products Liability
   FOODS MIDWEST CORPORATION,            2.   Breach of Implied Warranty of
15 MENU FOODS SOUTH DAKOTA INC.,              Merchantability
   MENU FOODS, INC., MENU FOODS
16 HOLDINGS, INC.; DEL MONTE FOODS       3.   Negligence
   COMPANY; NESTLE PURINA                4.   Violation of Bus. & Prof. Code
17 PETCARE COMPANY, HILLS PET                 section 17200 et seq.
   NUTRITION; NUTRO PRODUCTS, INC;
18 PETCO ANIMAL SUPPLIES STORES,         5.   Violation of Calif. Consumer Legal
   INC.; PETCO ANIMAL SUPPLIES, INC.;         Remedies Act (Civil Code section
19 PETCO SOUTHWEST, INC.;                     1750 et seq.)
   PETSMART, INC., THE IAMS
20 COMPANY; WAL-MART STORES,             6.   Request for Preliminary Injunction
   INC., CHEMNUTRA, INC., KROGER              and Other Equitable Relief
21 CO., SUNSHINE MILLS, INC., THE
   PROCTOR & GAMBLE COMPANY,             7.   Fraud (Concealment)
22 ALBERTSONS, INC., NEW
   ALBERTSONS, INC., NATURAL
23 BALANCE PET FOODS, INC. and DOES              **JURY TRIAL DEMANDED**
   1 to 100, INCLUSIVE
24
        Defendants.
25

26

27                 **CLASS ACTION ALLEGATIONS**

28 I.   Pursuant to Code of Civil Procedure §382, Plaintiffs, JENNIFER HART, SHEILA

   WASHINGTON and MARIA MITCHELL, individually and on behalf of all individuals

                              - 1 -

similarly situated, seek class-wide relief for patterns and practices of unlawful conduct by Defendants, MENU FOODS INCOME FUND; MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU FOODS, INC., MENU FOODS HOLDINGS, INC.; DEL MONTE FOODS COMPANY; NESTLE PURINA PETCARE COMPANY, HILLS PET NUTRITION; NUTRO PRODUCTS, INC; PETCO ANIMAL SUPPLIES STORES, INC.; PETCO ANIMAL SUPPLIES, INC.; PETCO SOUTHWEST, INC.; PETSMART, INC., THE IAMS COMPANY, WAL-MART STORES, INC., THE PROCTOR & GAMBLE COMPANY, CHEMNUTRA, INC., KROGER CO., SUNSHINE MILLS, INC., ALBERTSONS, INC., NEW ALBERTSONS, INC., NATURAL BALANCE PET FOODS, INC. and DOES 1 to 100, INCLUSIVE.

2. The proposed class which the Plaintiffs seek to represent is as follows:

A. All persons/consumers in the State of California who purchased contaminated pet food products manufactured, distributed and/or sold by Defendants. (hereinafter collectively referred to as "Consumer Class").

B. All persons in the State of California who purchased contaminated pet food products manufactured, distributed and/or sold by Defendants whose pet(s) died as after ingesting the contaminated food. (hereinafter collectively referred to as "Deceased Pet Class").

C. All persons in the State of California who purchased contaminated pet food products manufactured, distributed and/or sold by Defendants and whose pet(s) sustained injuries after ingesting the contaminated food and required veterinary case. (hereinafter collectively referred to as "Injured Pet Class").

D. All persons in the State of California who purchased contaminated pet food products manufactured, distributed and/or sold by Defendants in California and whose pet(s) sustained injuries after

- 2 -

ingesting the contaminated food which required continuing
veterinary care necessary to the survival of the animal(s).
(hereinafter collectively referred to as the "Ongoing Veterinary Care
Class").

3.     The persons in the class are so numerous, being several thousand
consumers, that the joinder of all such persons is impracticable, and the disposition of
their claims as a class will benefit the parties and the court.

4.     Questions of law and fact common to the Class exist as to Plaintiffs and all
Class Members, and these common questions predominate over any questions affecting
only individual members of the Class. Among the common questions of law and fact are
the following:

a.     Whether Defendants were negligent in allowing pet food products
manufactured and sold in the United States to be contaminated with
a dangerous ingredient that was not safe for consumption.

b.     Whether Defendants owed a duty to pet owners by ensuring that the
pet food was not contaminated with dangerous ingredients.

c.     Whether Defendants' conduct amounted to breach of such a duty.

d.     Whether Defendants' conduct was a proximate cause of Plaintiffs'
and Class Members' damages.

e.     Whether Defendants are responsible for manufacturing, distributing,
or selling contaminated pet food products to be purchased by
consumers.

f.     Whether Defendants are strictly liable.

g.     Whether Defendants breached their warranty of merchantability.

h.     Whether Defendants produced, marketed, distributed, and sold a
defective product.

First Amended Complaint for Damages, Injunctive Relief, Restitution

i. Whether Defendants failed to adequately warn consumers of the dangerous nature of the contaminated pet food.

j. Whether Plaintiffs and Class Members are entitled to damages.

k. Whether Defendants violated California Consumer protection laws.

l. Whether Defendants employed deceptive representations of the safety of pet food products manufactured, marketed, and sold by Defendants.

m. Whether Defendants' statements were likely to deceive a reasonable consumer.

n. Whether Defendants represented to consumers that pet food products manufactured, marketed, distributed and sold by Defendants were of a particular quality or standard.

o. Whether Defendants had knowledge that pet food products being manufactured, marketed, distributed and sold by Defendants contained a toxic substance likely to cause injury and/or death to animals who ingested the products.

p. Whether Defendants failed to disclose to consumer material facts regarding the contamination and harmful side effects of ingesting their products in order to induce consumers to continue purchasing their pet food products after Defendants knew or should have known of the contamination.

q. Whether Plaintiffs and others similarly situated relied on Defendants silence as an assurance that products not being recalled were safe and suffered damages as a result.

5. The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in a separate action. All class members were subject to the same contaminated pet food products without knowledge of

1  its potentially lethal effect on their pets. Defendants' failure to adequately warn
2  consumers and continued sales of contaminated pet food products affected all class
3  members similarly and Defendants benefited from the same type of unfair and/or
4  wrongful acts as to each class member.

5      6.     Plaintiffs will fairly and adequately represent and protect the interests of all
6  members of the class and there are no known conflicts of interest between the named
7  class representative and class members.

8      7.     The prosecution of separate actions by individual members of the Plaintiff
9  class would create a risk of inconsistent and/or varying adjudications with respect to the
10  individual members of the class, establishing incompatible standards of conduct for the
11  Defendants and resulting in the impairment of class members' rights and the disposition
12  of their interests through actions to which they were not parties.

13      8.     Common issues predominate all of class members' claims in that all claims
14  arise out of Defendants' unlawful failure to warn consumers, Defendants' breach of the
15  implied warranty of merchantability, Defendants' misrepresentations about the safety of
16  their pet food products, Defendants' defective design and manufacture of their pet food
17  products, Defendants' fraudulent acts and concealment and Defendants' negligence.
18  Further, class action is superior to numerous individual actions as a means of adjudicating
19  those claims.

20      9.     Plaintiffs have retained Class Counsel who has previously been certified in
21  over 75 class actions and who are experienced and competent in both class action and
22  consumer litigation.  The number and identity of class members are determinable from
23  alternative methods such as publication, Defendants' complaint records, and media
24  broadcasts.

25                          **GENERAL ALLEGATIONS**

26      10.     Plaintiff JENNIFER HART (hereinafter, Plaintiff" or "HART") was and is
27  an individual residing in the County of Orange, State of California.  Plaintiff HART's a

28

cat, Winslow, died on March 19, 2007 from severe kidney failure after ingesting pet food products recalled by Defendants MENU FOODS.

11.     Plaintiff SHEILA WASHINGTON (hereinafter "Plaintiff" or "WASHINGTON") was and is an individual residing in the County of Los Angeles, State of California.  Plaintiff WASHINGTON's dog, Bomani, died of severe kidney and pancreas failure after ingensting pet food products recalled by Defendants MENU FOODS.

12.     Plaintiff MARIA MITCHELL (hereinafter, "Plaintiff" or "MITCHELL") was and is an individual residing in the County of Orange, State of California

13.     Plaintiffs bring this action on behalf of themselves, other consumers of Defendants' pet food products, and the public pursuant to Business and Professions Code sections 17200 et seq. and California Civil Code section 1750 *et. seq.*

14.     Defendant MENU FOODS INCOME FUND is an unincorporated company with its principal place of business in Ontario, Canada.  It is doing business in the United States and in the State of California.  Jurisdiction is appropriate pursuant to the California Long Arm Statute, Calif. Code of Civil Procedure §410 *et seq.*, and service may be affected through the Hague Convention on service abroad of judicial and extrajudicial documents and civil or commercial matters at 8 Falconer Drive, Streetsville, Ontario Canada L5N 1B1.

15. MENU FOODS MIDWEST CORPORATION is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

16.     Defendant MENU FOODS SOUTH DAKOTA, INC. is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

17. Defendant MENU FOODS HOLDINGS, INC. is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

**First Amended Complaint for Damages, Injunctive Relief, Restitution**

18.     Defendant MENU FOODS, INC. is a New Jersey corporation and may be served through its registered agent for service, Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey. (Defendants MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORP., MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., and MENU FOODS, INC. are hereinafter collectively referred to as "MENU FOODS"). Defendant MENU FOODS manufactured, marketed, sold and distributed the pet food products in question to various pet food companies and retailers throughout California.1

19.     Defendant DEL MONTE FOODS COMPANY (hereinafter "DEL MONTE"), is a Delaware corporation registered to conduct business in the State of California and may be served through its registered agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017. Defendant DEL MONTE marketed, sold and distributed the pet food in question through various retailers throughout California, including but not limited to, WAL-MART, RALPHS, SAFEWAY, ALBERTSON'S, and KROGER.

20.     Defendant NESTLE PURINA PETCARE COMPANY (hereinafter "PURINA") is a Missouri corporation registered to do business in the State of California and may be served through its registered agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017. Defendant PURINA marketed, sold and distributed the pet food products in question, Alpo® and Mighty Dog® through various retailers in California, including but not limited to, RALPHS, Longs Drugs, ALBERTSON's, SAFEWAY, and WAL-MART.

21.     Defendant HILLS PET NUTRITION (hereinafter "HILLS") is a Delaware corporation registered to do business in the State of California and may be served through its registered agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017. Defendant HILLS marketed, sold and distributed the pet food products in question, Science Diet and Prescription Diet, through veterinarian offices and selected retailers throughout California.

22.    Defendant NUTRO PRODUCTS, INC. is a California corporation with its principal place of business located in City of Industry, County of Los Angeles, California. Defendant NUTRO marketed, sold and distributed the pet food products in question through various retailers throughout California, including but not limited to, PETCO and PETSMART.

23.    Defendant THE IAMS COMPANY is an Ohio corporation and a wholly owned subsidiary of THE PROCTOR & GAMBLE COMPANY, registered to do business in the State of California and may be served through its registered agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, California.

24.    Defendant PETCO ANIMAL SUPPLIES, INC. is a Delaware corporation registered to do business in the State of California with its designated principal place of business located in San Diego, County of San Diego, California and may be served through its registered agent for service Corporation Service Company d.b.a. Lawyers Incorporating Service, P.O. Box 526036, Sacramento, California 95852.

25.    Defendant PETCO SOUTHWEST, INC. is a California corporation with its principal place of business located in San Diego, California, County of San Diego.

26.    Defendant PETCO ANIMAL SUPPLIES STORES, INC. is a Delaware corporation registered to do business in the State of California with its designated principal place of business located in San Diego, California, County of San Diego. (Defendants PETCO ANIMAL SUPLLIES, INC., PETCO SOUTHWEST, INC., and PETCO ANIMAL SUPPLIES STORES, INC. are hereafter collectively referred to as "PETCO"). Defendant PETCO marketed, sold and distributed the pet food products in question in its numerous retail store locations in California.

27.    Defendants PETSMART, INC. is a Delaware corporation registered to do business in the State of California with its principal place of business located in Phoenix, Arizona and may be served through its registered agent CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017. Defendant PETSMART, INC.

First Amended Complaint for Damages, Injunctive Relief, Restitution

1  marketed, sold and distributed the pet food in question in its approximately 108 locations
2  in California.

3      28.    Defendants WAL-MART STORES, INC. is a Delaware corporation and
4  may be served through its registered agent The Corporation Company, 425 W. Capitol
5  Avenue, Ste. 1700, Little Rock, AR 72201. (hereinafter "WAL-MART") Defendant
6  WAL-MART marketed, sold and distributed the pet food products in question under its
7  private label "Special Kitty" and various other brands, including but not limited to, Alpo,
8  O'Roy's, and Natural Balance, in its numerous retail locations in California.

9      29.    Defendant SAFEWAY, INC. is a Delaware corporation with its principal
10  executive offices located in Pleasanton, California. Defendant SAFEWAY, INC.,
11  marketed, sold and distributed the pet food in question under its "Priority" brand through
12  supermarkets that it owns, including but not limited to, Vons.

13      30.    Defendant THE PROCTOR & GAMBLE COMPANY is an Ohio
14  corporation with its principal executive offices located in Cincinnati, Ohio. Defendant
15  THE PROCTOR & GAMBLE COMPANY marketed, sold and distributed the pet food in
16  question through its subsidiary, THE IAMS COMPANY, "Iams" and "Eukanuba" brands
17  through various retailers throughout California, including but not limited to,
18  PETSMART, PETCO, SAFEWAY, INC., KROGER CO., ALBERTSON'S, WAL-
19  MART and VONS.

20      31.    Defendant NATURAL BALANCE PET FOODS, INC. (hereinafter
21  "NATURAL BALANCE") is a California corporation with its principal executive offices
22  located in Pacoima, California. Defendant NATURAL BALANCE marketed, sold and
23  distributed the pet food products in question through various retailers throughout
24  California, including but not limited to, PETCO and Centinela Feed and Pet Supply
25  stores.

26      32.    Defendant KROGER CO. is an Ohio corporation with its principal
27  executive offices located in Columbus, Ohio. Defendant KROGER CO. owns and
28  operates retail grocery chains in the State of California, including but not limited to

**First Amended Complaint for Damages, Injunctive Relief, Restitution**

1 Ralph's, Food 4 Less and FoodsCo. It is thorough these retail grocery stores in
2 California that Defendant KROGER CO. marketed, sold and distributed the pet food
3 products in question.

4      33.      Defendant CHEMNUTRA, INC. (hereinafter "CHEMNUTRA") is a
5 Delaware corporation with its' principal executive offices in Nevada and may be served
6 through its registered agent for service of process National Registered Agents, Inc., 160
7 Greentree Drive, Ste. 101, Dover, Delaware 19904. Defendant CHEMNUTRA is the
8 primary distributor and wholesaler of the wheat gluten and other gluten products,
9 provided to Defendant MENU FOODS and which plaintiffs have a good faith belief
10 caused the contamination of the pet food products in question.

11      34.      Defendant SUNSHINE MILLS, INC. (hereinafter "SUNSHINE") is a
12 Delaware corporation with its principal executive offices in Red Bay, Alabama and is
13 registered to conduct business in the State of California and may be served through its
14 registered agent for service of process, CT Corporation System, 818 West Seventh Street,
15 Los Angeles, CA 90017. Defendant SUNSHINE marketed, sold and distributed the pet
16 food products in question through distributors and retailers in California.

17      35.      Defendant NEW ALBERTSONS, INC. (aka ALBERTSONS, INC.)
18 (hereinafter "ALBERTSONS") is a Delaware corporation with its principal executive
19 offices located in Boise, Idaho and may be served through its registered agent for service
20 of process, CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.
21 Defendant ALBERTSONS marketed, sold, and distributed the pet food products in
22 question at its approximately 654 retail grocery store locations in California.

23      36.      Plaintiffs are ignorant of the true names and capacities, whether individual,
24 corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through
25 100, and Plaintiffs therefore sue these Defendants, and each of them, by said fictitious
26 names. Plaintiffs will amend this complaint to allege their true names and capacities
27 when such information has been ascertained.

28

First Amended Complaint for Damages, Injunctive Relief, Restitution

37.   Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, the Defendants and each of them, were the agents, servants, and/or employees of each and every other Defendant, and that all acts and omissions herein complained of were performed within the course and scope of said employment, service, or agency, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts.

38.   At all times herein mentioned, Defendants, and all of them, were and is engaged in the manufacture, distribution and sales of pet food products to the public.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

### (By All Plaintiffs Against All Defendants)

39.   Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 38.

40.   Plaintiffs are informed and believe and thereon allege that Defendants, and all of them, are engaged in the selling of pet food products which are expected to reach consumers without substantial change in the condition in which it is sold.

41.   Plaintiffs are informed and believe and thereon allege that Defendants manufactured, marketed, distributed and sold pet food products in California which they knew were in a defective condition and were unreasonably dangerous to the consumers' pets, to wit contained lethal chemicals in the product, and as such, Defendants are liable for physical harm caused to the ultimate user or consumer, or to his or her property and failed to meet the expectations of a reasonable consumer.

42.   Defendants' are liable for injuries directly and proximately caused by their defective manufacture, distribution and sale of pet food products where such defect existed when the products left possession of the Defendants and injuries were sustained to Plaintiffs' pets as a result of ingesting the contaminated pet food products. Such a use by Plaintiffs and others similarly situated was the intended use and reasonably foreseeable by Defendants.

- 11 -

43.    Plaintiffs' pets suffered injury and/or death as a result of ingesting Defendants' defective pet food products. Plaintiffs suffered damages for veterinary bills, including but not limited to ongoing care for pets who survived, euthanasia, burial and disposal costs and the purchase price of the dangerous pet food products and are therefore entitled to restitution, attorneys' fees and costs.

SECOND CAUSE OF ACTION
<strong>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</strong>
(All Plaintiffs Against All Defendants)

44.    Plaintiffs hereby incorporate by reference each and every paragraph of this complaint as set forth in paragraphs 1 through 43.

45.    Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendants, were aware of the particular purpose for which the pet food products are required and that the buyer relied on Defendants' skill or judgment to select and furnish suitable goods.

46.    That Defendants' knew the pet food products would be purchased and ingested by consumers' pets. Plaintiffs and others similarly situated relied upon such implied warranty and had no knowledge of the dangerous, unsafe, hazardous and unfit quality of Defendants' pet food products.

47.    Plaintiffs allege that pet food products manufactured, marketed, and sold by Defendants' were unsafe, hazardous, dangerous and unfit when used for the purposes for which they were intended and in a manner recommended by Defendants, which resulted in damages and injuries to Plaintiffs.

48.    Therefore, Plaintiffs are entitled to reimbursement of costs of the food, veterinary bills, including but not limited to ongoing care for surviving animals, and/or euthanasia and burial costs, according to proof, as well as attorneys' fees and costs pursuant to Civil Code section 1794(e)(1).

//

//

//

- 12 -

## THIRD CAUSE OF ACTION
### NEGLIGENCE
#### (All Plaintiffs Against All Defendants)

49.     Plaintiffs hereby incorporate by reference each and every paragraph of this complaint as set forth in paragraphs 1 through 48.

50.     Defendants owed a duty to consumers, including Plaintiffs, to use reasonable care in designing, testing, labeling, manufacturing, marketing, supplying, distributing and selling pet food products, including a duty to ensure that pet food products manufactured, marketed, supplied and/or sold in California did not cause the dogs and cats ingesting the pet food to suffer from unreasonable, unknown and/or dangerous side effects.

51.     Defendants failed to exercise reasonable care in warning about designing, testing, labeling, manufacturing, marketing, selling, and/or distributing pet food products and breached their duties to Plaintiffs in that, without limitation, they did not warn of the known risks associated with the ingestion of contaminated pet food products and did not exercise an acceptable standard of care.

52.     Pet food products designed, manufactured, labeled, marketed, sold and distributed by Defendants' lacked sufficient warnings of the hazards and dangers to users of the products and failed to provide safeguards to prevent the injuries sustained by Plaintiffs' pets. Defendants failed to properly test and/or inspect pet food products prior to their sale, and as a result subjected users to an unreasonable risk of injury when these products were used as directed and as recommended.

53.     Defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward Plaintiffs as follows:

        a.     Failed to exercise due care in designing, developing and manufacturing pet food products so as to avoid contaminants being present in the pet food.

        b.     Failed to include adequate warnings that would alert Plaintiffs and other consumers to its potential risks and serious side effects.

- 13 -

c.  Failed to adequately and properly test or inspect pet food products before placing them on the market and/or selling them to consumers.

d.  Failed to conduct sufficient testing or inspection on pet food products, which if properly performed, would have revealed to Defendants the serious side effects, including but not limited to, death of the animals consuming their products.

e.  Failed to provide adequate post-marketing warnings or instructions after Defendants knew, or should have known, of the significant risks of ingestion by dogs and cats of Defendants' pet food products.

f.  Placed an unsafe produce into the stream of commerce, and

g.  Was otherwise careless or negligent.

54..Defendants knew, or should have known, that pet food products designed, manufactured, marketed, distributed and sold by Defendants caused unreasonably dangerous risks and serious side effects of which Plaintiffs would not be aware. Defendants nevertheless advertised, marketed, sold and/or distributed the dangerous pet food products knowing of the unreasonable risks of injury.

55.  Defendants knew or should have known that Plaintiffs' and consumers' dogs and cats would suffer injury and possible death as a result of Defendants' failure to exercise reasonable care as described above.

56.  Upon information and belief, Defendants knew or should have known of the defective nature of Defendants' product, as set forth herein, but continued to design, manufacture, market and sell their pet food products so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs, in conscious and/or negligent disregard of the foreseeable harm caused by Defendants' pet food products.

57.  Defendants failed to disclose to the Plaintiffs and the general public facts known or available to them, as alleged herein, in order to ensure continued and increased sales of Defendants' pet food products. This failure to disclose deprived Plaintiffs of the

- 14 -

1   information necessary for them to weigh the true risks of purchasing Defendants' pet

2   food products against the benefits.

3        58.    As a direct and proximate result of Plaintiffs' feeding their pets suffered

4   serious and permanent health problems and death.

5        59.    By virtue of Defendants' negligence, Defendants directly, foreseeably and

6   proximately caused Plaintiffs pets to suffer serious health problems, permanent damage

7   to their health and death or possible death.  As a result, the imposition of punitive

8   damages against Defendants is warranted.

9                          **FOURTH CAUSE OF ACTION**
                   **(Unfair Competition and Unfair Business Practices)**
10                  **(Business and Professions Code secs. 17200 et seq.)**
                        **(By All Plaintiffs Against All Defendants)**
11       60.    Plaintiffs hereby reallege, and incorporate by reference as though set fully

12  forth herein, the allegations contained in paragraphs 1 through 59.

13       61.    Defendants, and each of them, are "persons" as defined under Business and

14  Professions Code section 17021.

15       62.    Each of the directors, officers and/or agents of Defendants are equally

16  responsible for the acts of the others as set forth in Business and Professions Code

17  Section 17095.

18       63.    Defendants are engaged in the business of manufacturing and selling pet

19  food products to the public as defined in Business and Professions Code sections 17022

20  and 17024.

21       64.    California Business & Professions Code section 17200 prohibits unfair

22  competition and unfair business practices, including, "any unlawful, unfair or fraudulent

23  business act or practice...".  Defendants' conduct as specified herein, constitutes a

24  violation of California Business and Professions Code section 17200 *et seq.*

25       65.    Defendants' unlawful and unfair practices as alleged herein violate

26  California law and constitute ongoing and continuous unfair business practices within the

27  meaning of Business and Professions Code section 17200.  Such practices include, but

28  are not limited to, Defendants' false representations as to the safety of their pet food

                                    - 15 -

1  products, Defendants' concealment from members of the public about the danger the pet
2  food products posed to pets of consumers which continuing to manufacture, market, sell
3  and distribute pet food products and concealment from members of the public the wide-
4  spread nature of the contamination to numerous pet food products.

5    66.   As a result of Defendants' unfair business practices, Defendants have
6  reaped unfair benefits and illegal profits at the expense of Plaintiffs and others similarly
7  situated and members of the public. Defendants should be made to disgorge their profits
8  resulting from this illegal practice and restore such monies to Plaintiffs and others
9  similarly situated.

10    67.   As a result of these actions, the Plaintiffs, on information and belief, allege
11  that the Defendants were able to unfairly compete with other pet food companies in the
12  State of California by not promptly revealing the wide-spread nature of contaminated pet
13  food products, in violation of Business and Professions Code, §§17000 et seq. and
14  §§17200 et seq. Due to these unfair, fraudulent and/or unlawful business practices,
15  Defendants have gained a competitive advantage over other comparable pet food product
16  companies doing business in the State of California.

17    68.   The victims of these unfair, fraudulent and/or illegal business practices
18  include, but are not limited to, the Plaintiffs, Class Members and consumers who
19  purchased Defendants' pet food products, competing pet food product companies in the
20  State of California, and the general public. Plaintiff is informed and believes and thereon
21  alleges that Defendants performed the above-mentioned acts with the intent of gaining an
22  unfair competitive advantage and thereby injuring Plaintiffs, Class Members, other
23  competitors, and the general public.

24    69.   Pursuant to Business and Professions Code section 17203, Plaintiffs, on
25  behalf of themselves and all Class Members, request restitution and/or disgorgement of
26  all profits wrongfully retained by Defendants in violation of Business and Professions
27  Code sections 17000 et seq. and 17200 et seq. Further, Plaintiffs request attorneys' fees
28

1  and costs pursuant to Code of Civil Procedure section 1021.5 upon proof they have acted
2  in the public interest as set forth in the Private Attorney General Act.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1750 et seq.**
**(CONSUMER LEGAL REMEDIES ACT)**
**(All Plaintiffs Against All Defendants)**

70.    Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 69.

71.    Defendants are "persons" as defined by Civil Code § 1761( c).

72.    Plaintiffs and each member of the class are "consumers" within the meaning of Civil Code § 1761(d).

73.    The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq. applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

74.    Defendants, and all of them, have violated CLRA in at least the following respects:

      a.  In violation of Section 1770(a)(5), Defendants have represented that pet food products designed, manufactured, distributed and sold by Defendants have characteristics, ingredients and benefits that they do not have;

      b.  In violation of Section 1770(a)(7), Defendants have represented that pet food products designed, manufactured, distributed and sold by Defendants are of a particular standard, quality, or grade when they are not.

75. As set forth herein, Defendants' representations and omissions as stated in the media concerning the extent of the contaminated and dangerous nature of the pet food products containing the Wheat Gluten product sold to Plaintiffs and others similarly situated are misrepresentations and/or concealment of material facts that constitute unfair, deceptive and misleading business practices in violation of Civil Code § 1770(a).

- 17 -

1    76.   Defendants' deceptive acts alleged herein occurred in the course of selling a
2    consumer product and Defendants have done so continuously through the filing of this
3    complaint.

4    77.   As a direct and proximate result of Defendants' violation of Civil Code
5    section 1770, *et seq.*, Plaintiffs and other class members have suffered irreparable harm
6    and monetary damages entitling them to both injunctive relief. Plaintiffs, on behalf of
7    themselves and on behalf of the class, seek injunctive relief allowable under the CLRA.

8    78.   At all times relevant, Defendants knew that the pet food products being
9    manufactured, marketed and sold by Defendants were defective and dangerous to animals
10   and concealed material facts regarding these defects to Plaintiffs and others similarly
11   situated. Though faced with numerous complaints regarding the illness and death caused
12   by pet food products designed, manufactured, distributed and sold by Defendants',
13   Defendants failed and refused to promptly warn consumers about the dangerous
14   chemicals present in the pet food products which were later subject to a "voluntary
15   recall". Defendants concealed material information from consumers, and the public,
16   through its media releases and consumer hotlines, that (a) Defendants, and all of them,
17   delayed in informing the public and consumers that the pet food products manufactured
18   and sold by Defendants contained a deadly chemical that if fed to their pets would surely
19   result in injury and/or death. (b) Defendant retailers failed to promptly remove recalled
20   products from store shelves, (c ) Defendants grossly misrepresented the number of
21   injuries and death to pets caused by its dangerous pet food products; (d) Defendants
22   continued to manufacture, market and sell pet food products known by Defendants to be
23   deadly to pets who consume those products; and (e ) Defendants manufactured and sold
24   pet food products which are not of merchantable quality.

25   79.   Knowing the truth and motivated by profit and market share, Defendants
26   MENU FOODS, DEL MONTE, HILLS PET NUTRITION, PURINA, WAL-MART,
27   PETCO, PETSMART, CHEMNUTRA and NUTRO, knowingly and willfully engaged in
28   the acts and/or omissions to mislead and/or deceive Plaintiffs and others similarly

- 18 -

1 situated. Defendants' wrongful conduct, as alleged herein, was willful, oppressive,
2 immoral, unethical, unscrupulous, substantially injurious and malicious. Accordingly,
3 Plaintiffs and others similarly situated seek punitive damages against Defendants MENU
4 FOODS, DEL MONTE, HILLS PET NUTRITION, PURINA, WAL-MART, PETCO,
5 PETSMART, CHEMNUTRA and NUTRO.

6      80.    Pursuant to Civil Code section 1782, Plaintiffs provided notice to
7 Defendants notice to Defendants MENU FOODS, DEL MONTE, HILLS PET
8 NUTRITION, PURINA, WAL-MART, PETCO, PETSMART, CHEMNUTRA and
9 NUTRO, at least thirty days prior to the filing of this amended complaint and amending
10 this action to include a prayer for damages. This amendment to the complaint was made
11 because Defendants MENU FOODS, DEL MONTE, HILLS PET NUTRITION,
12 PURINA, WAL-MART, PETCO, PETSMART, CHEMNUTRA and NUTRO failed to
13 make the showing required by Civil Code Section 1782( c).

14      81.    As a result, Plaintiffs seek actual, statutory and punitive damages for
15 violation of the CLRA against Defendants MENU FOODS, DEL MONTE, HILLS PET
16 NUTRITION, PURINA, WAL-MART, PETCO, PETSMART, CHEMNUTRA and
17 NUTRO. In addition, pursuant to Civil Code Section 1782(a)(2), Plaintiffs and Class
18 Members are entitled to enjoin the above-described wrongful acts and practices of
19 Defendants MENU FOODS, DEL MONTE, HILLS PET NUTRITION, PURINA, WAL-
20 MART, PETCO, PETSMART, CHEMNUTRA and NUTRO, providing restitution to
21 Plaintiffs and the class, ordering payment of costs and attorneys' fees and any other relief
22 deemed appropriate and proper by the Court under Civil Code Section 1780.

23      82.    Knowing the truth and motivated by profit and market share, Defendants
24 THE IAMS COMPANY, THE PROCTOR & GAMBLE COMPANY, SAFEWAY,
25 INC., NATURAL BALANCE PET FOODS, INC., KROGER CO., ALBERTSON'S and
26 SUNSHINE, knowingly and willfully engaged in the acts and/or omissions to mislead
27 and/or deceive Plaintiffs and others similarly situated. Defendants' wrongful conduct, as
28 alleged herein, was willful, oppressive, immoral, unethical, unscrupulous, substantially

injurious and malicious. Accordingly, Plaintiffs and others similarly situated, request the following against all Defendants:

a. That the Court issue a preliminary and permanent injunction requiring the Defendants to cease and desist marketing, distributing and selling any pet food products manufactured, marketed and distributed by Defendants in the State of California until such time the public can be assured that their pet food products are not dangerous to pets who ingest them.

b. That the Court issue a preliminary and permanent injunction requiring Defendants from selling pet food products manufactured, distributed and sold by Defendants in the State of California until such time consumers and the public can be assured that other products are not dangerous to pets who ingest them.

### SIXTH CAUSE OF ACTION
**(Request for Preliminary and Permanent Injunction and Other Equitable Relief)**
**(By All Plaintiffs Against All Defendants)**

83. Plaintiffs, individually and on behalf of each employee similarly situated, hereby restate, reallege, and incorporate by reference herein, paragraphs 1 through 82 of this complaint, as though fully set forth herein.

84. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth above, they will continue to distribute and sell deadly dog and cat food to consumers and Class Members. In addition, Defendants will continue to avoid paying the cost of appropriate testing, inspection and research to determine whether or not other pet food products manufactured and sold by Defendants contain the deadly ingredient.

85. Plaintiffs request:

a. That the Court issue a preliminary and permanent injunction requiring the Defendants to cease and desist marketing, distributing and selling any pet food products manufactured, marketed and distributed by Defendants MENU FOODS, DEL MONTE, HILLS PET NUTRITION, THE IAMS COMPANY, THE PROCTOR & GAMBLE COMPANY, PURINA, SUNSHINE,

- 20 -

NAUTRAL BALANCE and NUTRO in the State of California until such time the public can be assured that their pet food products are not dangerous to pets who ingest them.

b. That the Court issue a preliminary and permanent injunction requiring Defendants PETCO, PETSMART, KROGER CO., SAFEWAY, INC., ALBERTSON'S and WAL-MART from selling pet food products manufactured, distributed and sold by Defendants MENU FOODS, DEL MONTE, HILLS PET NUTRITION, THE IAMS COMPANY, PROCTOR & GAMBLE, SUNSHINE, PURINA, NATURAL BALANCE, and NUTRO in the State of California until such time consumers and the public can be assured that other products are not dangerous to pets who ingest them.

86. Plaintiffs also request that the Court order the Defendants, and all of them, to pay restitution to the Plaintiffs and Class Members in the form of illegally retained earnings, and pay for any out-of-pocket expenses, obtained by way of its violations of Business and Professions Code sections 17000 ct seq. and 17200 et seq.

### SEVENTH CAUSE OF ACTION
### FRAUD (CONCEALMENT)
### (By All Plaintiffs Against All Defendants)

87. Plaintiffs, individually and on behalf of each employee similarly situated, hereby restate, reallege, and incorporate by reference herein, paragraphs 1 through 86 of this complaint, as though fully set forth herein.

88..Defendants concealed the following facts:

a. Defendants MENU FOODS represented to the Plaintiffs and those similarly situated that the number of animal deaths caused by their pet food products was limited to 16, when in fact it was thousands. To this day, MENU FOODS has not admitted the number of pet deaths caused by its pet food products is substantially higher than represented.

b. Defendants, MENU FOODS, concealed from Plaintiffs and those similarly situated that pet food manufactured, marketed, distributed and

- 21 -

sold posed the risk of serious injury and/or death to dogs and cats despite having knowledge of such danger for months prior to the implementation of a recall.

c. Defendants MENU FOODS notified the FDA of the injury and/or deaths to cats and dogs caused by their pet food products 2-3 weeks prior to the implementation of a recall thereby concealing from consumers the fact their pet food products were suspected of causing injury and/or death to animals.

d. Defendants PURINA, HILLS, IAMS, PROCTOR & GAMBEL, DEL MONTE, SUNSHINE, NATURAL BALANCE and NUTRO, intentionally concealed information from Plaintiffs and others similarly situated after they received notice that the contaminated wheat gluten from CHEMNUTRA was provided to MENU FOODS and put into their pet food products, despite having knowledge for over a month after the FDA indicated a chemical present in the wheat gluten was responsible for thousands of dog and cat deaths.

e. Defendants PETCO, PETSMART, KROGER CO., ALBERTSON'S, SAFEWAY, and WAL-MART concealed the fact that pet food products sold to consumers carried a risk of injury and/or death to their pets after they knew the pet food products carried such risks.

f. Defendant CHEMNUTRA, concealed from Plaintiffs and those similarly situated that wheat gluten provided to MENU FOODS from CHEMNUTRA to be used in the pet food manufactured, marketed, distributed and sold by Defendants posed the risk of serious injury and/or death to dogs and cats despite having knowledge of such danger for months prior to the implementation of a recall.

g. Defendants, and all of them, intentionally concealed information relating to the safety of pet food products, and the ingredients contained

- 22 -

| | |
|---|---|
| 1 | therein, manufactured and sold by Defendants before and after recalls |
| 2 | were implemented. Defendants, and all of them, knew customers would |
| 3 | rely on their silence and the fact the pet food products remained on the |
| 4 | retail store shelves as evidence that the pet food was safe. |
| 5 | h. Plaintiffs and class members did in fact so rely and have suffered |
| 6 | damages as a proximate result thereof. |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

**FIRST CAUSE OF ACTION:**

1.    For general damages in an amount according to proof;

2.    For special damages, including veterinary expenses, including but not limited to continuing veterinary care for pets who have survived, euthanasia and burial expenses, in an amount according to proof;

3.    For reasonable attorney's fees and costs;

4.    For statutory interest.

**SECOND CAUSE OF ACTION:**

5.    For general damages in an amount according to proof;

6.    For special damages, including veterinary expenses, including but not limited to continuing veterinary care for pets who have survived, euthanasia and burial expenses, in an amount according to proof;

7.    For reasonable attorney's fees and costs;

8.    For statutory interest.

**THIRD CAUSE OF ACTION**

9.    For general damages in an amount according to proof;

10.   For special damages, including veterinary expenses, including but not limited to continuing veterinary care for pets who have survived, euthanasia and burial expenses, in an amount according to proof;

- 23 -

1  11.    For punitive damages;

2  12.    For reasonable attorneys' fees and costs;

3  13.    For statutory interest.

4                    **FOURTH CAUSE OF ACTION:**

5       14.    For an order requiring Defendants to show cause why it should not be

6  enjoined as set forth below, during and after the pendency of this action;

7       15.    That each Defendant, jointly and/or severally, pay restitution and/or

8  disgorgement of sums to Plaintiffs and each class member for its past failure to warn

9  consumers of the dangerous and deadly ingredient contained in their pet food products,

10 over the last four years, restitution of costs spent for veterinary bills, including but not

11 limited to continuing veterinary care for pets who have survived, euthanasia and burial

12 costs, and cost of the pet food purchased, in an amount according to the proof;

13      16.    For reasonable attorney's fees and costs pursuant to the Attorney General's

14 Act (Code of Civ. Proc. sec. 1021.5);

15                    **FIFTH CAUSE OF ACTION:**

16      16. For an order requiring Defendants to show cause why it should not be enjoined

17 as set forth above, during and after the pendency of this action;

18      17. For punitive damages against Defendants MENU FOODS, DEL MONTE,

19 HILLS PET NUTRITION, PURINA, WAL-MART, PETCO, PETSMART,

20 CHEMNUTRA and NUTRO.

21      18. For actual and statutory damages against Defendants MENU FOODS, DEL

22 MONTE, HILLS PET NUTRITION, PURINA, WAL-MART, PETCO, PETSMART;

23 CHEMNUTRA and NUTRO;

24      19. For attorneys' fees, costs, and any other relief deemed appropriate and proper

25 by the Court pursuant to Civil Code Section 1780 against Defendants MENU FOODS,

26 DEL MONTE, HILLS PET NUTRITION, PURINA, WAL-MART, PETCO,

27 PETSMART, CHEMNUTRA and NUTRO;

28 //

**First Amended Complaint for Damages, Injunctive Relief, Restitution**

**SIXTH CAUSE OF ACTION:**

20.    For a preliminary and permanent injunction requiring Defendants to cease from selling their pet food products in the State of California until such time it can be shown that the pet food products are not harmful and/or deadly to consumers' pets.

19.    For an order requiring Defendants to show cause why it should not be enjoined as set forth herein, during the pendency of this action;

20.    Restitution and disgorgement of all sums obtained in violation of Business and Professions Code sections 17000 et seq. and 17200 et seq.;

**SEVENTH CAUSE OF ACTION:**

21. That each Defendant, jointly and/or severally, pay restitution of costs spent for veterinary bills, including but not limited to continuing veterinary care for pets who have survived, euthanasia and burial costs, cost of the pet food purchased, attorneys' fees and costs to Plaintiffs and each class member for its concealment from consumers information regarding the dangerous and deadly ingredient contained in pet food products manufactured, marketed, distributed and sold by Defendants, in an amount according to the proof;

**ALL CAUSES OF ACTION:**

22.    For reasonable attorney's fees;

23.    For costs of suit incurred herein; and

24.    For such other and further relief as the court may deem just and appropriate.

Dated: July 16, 2007

CLASS ACTION LITIGATION GROUP

By: _[signature]_

KATHERINE ODENBREIT, ESQ.
Attorneys for Plaintiffs HART, et al.
11111 Santa Monica Blvd., Suite 1000
Los Angeles, CA 90025
Tel: (310)481-9851
Fax: (310)481-9854
Email: kodenbreit@class-action-attorneys.com

- 25 -

**First Amended Complaint for Damages, Injunctive Relief, Restitution**

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and all others on whose behalf this suit is brought, demand trial by jury to the fullest extent permitted in this action.

DATED: July 16, 2007

CLASS ACTION LITIGATION GROUP

By: _Katherine Odenbreit_
KATHERINE ODENBREIT, Esq.
Attorneys for Plaintiffs HART, et al.
11111 Santa Monica Blvd., Suite 1000
Los Angeles, CA 90025
Tel: (310)481-9851
Fax: (310)481-9854
Email: kodenbreit@class-action-attorneys.com

- 26 -

**First Amended Complaint for Damages, Injunctive Relief, Restitution**

1  René L. Barge  (California SBN 182317)
   Katherine J. Odenbreit (California SBN 184619)
2  **CLASS ACTION LITIGATION GROUP**
   11111 Santa Monica Blvd., Suite 1000
3  Los Angeles, California 90025
   Tel:    (310)  481-9851
4  Fax:    (310)  479-7051

5  Attorneys for Plaintiffs, JENNIFER HART, SHEILA E. WASHINGTON and MARIA
   MITCHELL, individually and on behalf of all individuals similarly situated
6
                    UNITED STATES DISTRICT COURT
7
                    CENTRAL DISTRICT OF CALIFORNIA
8

9  JENNIFER HART, SHEILA R.              )  CASE NO.  07cv02779 GHK (AJW)
   WASHINGTON and MARIA                  )
10 MITCHELL, individually and on behalf of )  CLASS ACTION
   all individuals similarly situated,    )
11                                        )  **DECLARATION OF KATHERINE J.**
            Plaintiffs,                   )  **ODENBREIT REGARDING NO**
12                                        )  **ORDER OF COURT NEEDED TO**
       vs.                               )  **FILE FIRST AMENDED COMPLAINT**
13                                        )
   MENU FOODS INCOME FUND; MENU )
14 FOODS MIDWEST CORPORATION,            )
   MENU FOODS SOUTH DAKOTA INC.,         )
15 MENU FOODS, INC., MENU FOODS          )
   HOLDINGS, INC.; DEL MONTE FOODS)
16 COMPANY; NESTLE PURINA                )
   PETCARE COMPANY, HILLS PET            )
17 NUTRITION; NUTRO PRODUCTS, INC;)
   PETCO ANIMAL SUPPLIES STORES,         )
18 INC.; PETCO ANIMAL SUPPLIES, INC.;)
   PETCO SOUTHWEST, INC.;                )
19 PETSMART, INC., THE IAMS              )
   COMPANY;  WAL-MART STORES,            )
20 INC., CHEMNUTRA, INC., KROGER         )
   CO., SUNSHINE MILLS, INC., THE        )
21 PROCTOR & GAMBLE COMPANY,             )
   ALBERTSONS, INC., NEW                 )
22 ALBERTSONS, INC., NATURAL             )
   BALANCE PET FOODS, INC. and DOES)
23 1 to 100, INCLUSIVE                   )
                                         )
24          Defendants.                  )
                                         )
25

26

27

28

                              - 1 -

   **Decl. of Katherine J. Odenbreit Re: First Amended Complaint**

I, Katherine J. Odenbreit, declare as follows:

1. I am an attorney at law duly licensed to practice law before all courts in the State of California and all District Courts in California, and am an associate attorney with the firm Class Action Litigation Group, who are co-counsel for the plaintiffs in this action.

2. I submit this declaration with Plaintiffs' First Amended Complaint to inform the Court that no court Order is necessary for the acceptance and filing of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

3. This action was initially filed on April 10, 2007 in the Los Angeles Superior Court. The Fifth Cause of Action alleges violations of the California Consumer Legal Remedies Act, California Civil Code section 1750 et seq. Under the California Legal Remedies Act, a Plaintiff cannot file a complaint for damages until certain pre-requisites are met. Those pre-requisites include sending a letter to each defendant providing them 30 days to rectify the situation for the entire class. (See Civ. Code Section 1782( c)). Plaintiffs intended to file an amended complaint after the expiration of the 30 days in order to add claims for restitution and punitive damages under the California Legal Remedies Act.

4. Before the expiration of the 30 day timeframe, defendant Menu Foods filed a Notice of Removal and had this case removed to federal court.

5. Subsequent to the removal, certain plaintiffs in other related cases filed applications with the federal Multi District Litigation Panel to initially have several similar cases consolidated before one federal court. The MDL Panel set a hearing date for May 31, 2007 in Las Vegas, Nevada. This case was not initially part of the MDL proceedings, but would be deemed a "tag along" case if the Panel ruled to consolidate the actions.

6. Prior to the hearing before the MDL, I had discussions with defendant Menu Foods' attorney, Gina Och with Murchison & Cumming LLP. Ms. Och expressed concern over having to file an Answer on behalf of her client before the ruling from the

- 2 -

1  MDL Panel. She also expressed concern over voluminous discovery being served prior
2  to a ruling by the MDL Panel. In the spirit of compromise, plaintiffs agreed not to serve
3  any defendants with the complaint until after a ruling by the MDL Panel deciding
4  whether or not the cases would be transferred to a centralized court. Attached hereto as
5  Exhibit A is true and correct copy of a letter dated May 16, 2007 to Gina Och
6  memorializing this agreement.

7       7.     The MDL Panel convened on May 31, 2007. On June 19, 2007, the
8  MDL Panel issued a ruling ordering the transfer of several similar actions to the United
9  States District Court in New Jersey. Attached hereto as Exhibit B is a true and correct
10 copy of the MDL Panel's Order.

11      8.     On May 31, 2007, defendant Menu Foods filed with the MDL Panel a
12 Notice of Potential Tag Along Actions which included this case.

13      9.     On or about June 28, 2007, the MDL Panel issued a Conditional Transfer
14 Order for cases deemed to be "tag along" cases. At this time, the MDL Panel has not
15 issued the Transfer Order. Attached hereto as Exhibit C is a true and correct copy of the
16 Conditional Transfer Order.

17      10.    Therefore, because the initial complaint in this action has not yet been
18 served on defendants, no court order is necessary to accept the filing of Plaintiffs' First
19 Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

20      I declare under penalty of perjury under the laws of the United States that the
21 foregoing is true and correct.

22      Executed this 17th day of July, 2007 at Los Angeles, California.

Katherine J. Odenbreit

-3-

**Exhibit A**

# CLASS ACTION LITIGATION GROUP

11111 SANTA MONICA BLVD., SUITE 1000 • LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 481-9851 • FACSIMILE (310) 481-9854

May 16, 2007

<u>Sent Via Facsimile and U.S. Mail</u>

Gina Och
Murchison & Cumming LLP
801 S. Grand Avenue, 9th Floor
Los Angeles, CA 90017

RE:  <u>Wahl et. al. v. Menu Foods et al.</u>
     California Central District Case No. 07CV02779 GHK (AJWx)

Dear Ms. Och:

It was a pleasure speaking with you yesterday. This letter is to memorialize our conversation regarding a stipulation to stay the proceedings in the above-referenced case. As I indicated during our conversation we have not yet served the Complaint on any of the defendants in this matter, including Menu Foods, due to the MDL Panel hearing currently scheduled for May 31, 2007 in Las Vegas. After the May 31st hearing, we intend to file an amended complaint to add additional plaintiffs, defendants and a claim for punitive damages under California Civil Code § 1782 at some point after May 31st and it is this complaint we will be serving on Menu Foods and the other defendants. We agreed that since the amended complaint will not be filed and served until after the May 31st hearing, there is no need to seek a stay on the case at this time.

If this is not your understanding of our agreement, please contact me immediately. Thank you for your courtesy.

Very truly yours,

CLASS ACTION LITIGATION GROUP

Katherine Odenbreit

KO:mm

**Exhibit B**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1850*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PET FOOD PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of thirteen actions listed on the attached Schedule A and pending in eight districts as follows: five actions in the Western District of Washington; two actions in the Western District of Arkansas; and one action each in the Central District of California, the District of Connecticut, the Southern District of Florida, the Northern District of Illinois, the District of New Jersey, and the Eastern District of Tennessee. Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all of these actions.[1] All responding parties agree that centralization is appropriate, but differ regarding the most appropriate transferee district for this litigation. In favor of the District of New Jersey as transferee district are moving Central District of California and Southern District of Florida plaintiffs and plaintiffs in the District of Connecticut, the District of New Jersey, and three of the Western District of Washington actions before the Panel, as well as plaintiffs in fourteen potentially related actions. Plaintiffs in two of the five Western District of Washington actions move for centralization in the Western District of Washington; plaintiffs in the Eastern District of Tennessee action support centralization there; and plaintiffs in the other three Western District of Washington actions alternatively support centralization there. In favor of the Western District of Arkansas as transferee district are plaintiffs in the two Western District of Arkansas actions and the Northern District of Illinois action, and plaintiffs in six potentially related actions. Plaintiffs in two potentially related District of New Jersey actions alternatively support centralization in the Western District of Arkansas. Supporting the Northern District of Illinois as transferee district are all responding defendants, including Menu Foods, Inc., and its related entities, and plaintiffs in one potentially related action. In favor of the Central District of California as transferee district are plaintiffs in nine potentially related actions. Finally, plaintiff in a potentially related Northern District of Ohio action suggests centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this

---

* Judge Miller did not participate in the decision of this matter.

[1] The Panel has been notified of 97 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Although several districts could be described as an appropriate transferee forum for this nationwide litigation, we are persuaded to select the District of New Jersey. Pretrial proceedings are advancing well there and about one-third of all pending actions are already in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Noel L. Hillman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

@004

## SCHEDULE A

MDL-1850 -- In re Pet Food Products Liability Litigation

### Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.*, C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.*, C.A. No. 5:07-5055

### Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.*, C.A. No. 2:07-1958

### District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.*, C.A. No. 3:07-469

### Southern District of Florida

*Christina Trotano v. Menu Foods, Inc., et al.*, C.A. No. 0:07-60428

### Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.*, C.A. No. 1:07-1543

### District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.*, C.A. No. 1:07-1338

### Eastern District of Tennessee

*Lizajean Holt, et al. v. Menu Foods, Inc.*, C.A. No. 3:07-94

### Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457

**Exhibit C**

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

June 28, 2007

TO INVOLVED COUNSEL

Re: MDL-1850 -- In re Pet Food Products Liability Litigation

(See Attached CTO-1)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: __July 13, 2007__** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _(signature)_
Deputy Clerk

Attachments

## SCHEDULE CTO-20 - TAG-ALONG ACTIONS
## DOCKET NO. 1850
## IN RE PET FOOD PRODUCTS LIABILITY LITIGATION

**DIST. DIV. C.A. #**        **CASE CAPTION**

**ARKANSAS EASTERN**
ARE 4 07-376        Scott Stacey, et al. v. Nestle SA, et al.

**ARKANSAS WESTERN**
ARW 4 07-4036        Kirby Cooper v. Menu Foods Income Fund, et al.
ARW 5 07-5065        Sandra L. Gray, et al. v. Menu Foods, et al.

**CALIFORNIA CENTRAL**
CAC 2 07-1987        Paul Randolph Johnson, et al. v. Menu Foods, Inc., et al.
CAC 2 07-2060        Dawn Howe v. Menu Foods Ltd., et al.
CAC 2 07-2253        Lois Grady, et al. v. Menu Foods Income Fund, et al.
CAC 2 07-2338        Kelly Finestone v. Menu Foods, Inc., et al.
CAC 2 07-2476        Richard Chamberlain v. Nestle SA, et al.
CAC 2 07-2779        Ken Wahl, et al. v. Menu Foods Income Fund, et al.
CAC 2 07-2964        Jayne Englander, et al. v. Menu Foods Income Fund, et al.
CAC 5 07-398        Dennis Lee Townsend, et al. v. Menu Foods Ltd., et al.

**CALIFORNIA EASTERN**
CAE 2 07-654        Cheryl Carver v. Del Monte Foods Co., et al.

**CALIFORNIA NORTHERN**
CAN 3 07-1809        Sherry Ingles v. Menu Foods, Inc., et al.
CAN 3 07-2665        Diane Lowery v. Menu Foods Income Fund, et al.

**CALIFORNIA SOUTHERN**
CAS 3 07-705        Robert Payne, et al. v. Menu Foods, Inc., et al.
CAS 3 07-706        Diane Swarberg v. Menu Foods Holding, Inc., et al.
CAS 3 07-734        Hayley Ford, et al. v. Menu Foods Income Fund, et al.
CAS 3 07-951        John Colliard v. Menu Foods, Inc., et al.

**COLORADO**
CO 1 07-736        Emily Tompkins v, Menu Foods Midwest Corp., et al.

**FLORIDA MIDDLE**
FLM 2 07-235        Maria Teresa Ferrarese v. Menu Foods, Inc., et al.
FLM 6 07-803        George Birney, et al. v. Menu Foods, Inc.

**FLORIDA SOUTHERN**
FLS 1 07-20955        Stephen Donnelly, et al. v. Menu Foods, Inc., et al.

**IDAHO**
ID 1 07-160        Larry Klimes, et al. v. Menu Foods

**ILLINOIS NORTHERN**
ILN 1 07-2162        Heather Amro v. Menu Foods Income Fund, et al.
ILN 1 07-2183        Gary Bruski v. Menu Foods, Inc., et al.
ILN 1 07-2211        Raymond Demith, et al. v. Nestle Purina Petcare Co., et al.
ILN 1 07-2237        Sonja Foxe v. Menu Foods, Inc., et al.

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|

**MASSACHUSETTS**
MA  1  07-10745 — Lidia Rodrigues v. Menu Foods, Inc., et al.
MA  1  07-10797 — Megan Connerton, et al. v. Menu Foods Midwest Corp., et al.

**MAINE**
ME  2  07-54 — Mara Brazilian v. Menu Foods Income Fund, et al.

**MINNESOTA**
MN  0  07-1808 — Stephanie Rozman v. Menu Foods Midwest Corp., et al.
MN  0  07-2108 — Wendy Krosschell v. Menu Foods Income Fund, et al.

**MISSOURI WESTERN**
MOW  3  07-5041 — Richard Schwinger v. Menu Foods, et al.

**MISSISSIPPI SOUTHERN**
MSS  5  07-105 — Sarah Cavin v. Menu Foods, et al.

**NEVADA**
NV  2  07-686 — Maragaret Picus v. Wal-Mart Stores, Inc., et al.
NV  3  07-159 — Marion Streczyn v. Menu Foods, Inc., et al.

**NEW YORK SOUTHERN**
NYS  1  07-3236 — Mark Cashman, et al. v. Menu Foods Midwest Corp., et al.

**OHIO NORTHERN**
OHN  1  07-1018 — Gregory Boehm v. Menu Foods, Inc., et al.

**PENNSYLVANIA MIDDLE**
PAM  1  07-929 — Dixie Keller v. Menu Foods Ltd., et al.

**RHODE ISLAND**
RI  1  07-115 — Carol Brown v. Menu Foods, Inc., et al.

**TENNESSEE EASTERN**
TNE  3  07-98 — Barbara Light v. Menu Foods Income Fund

**WASHINGTON WESTERN**
WAW  2  07-575 — Laura Migliore v. Menu Foods
WAW  2  07-576 — Gail Moran v. Menu Foods
WAW  2  07-577 — Sheryl Puett v. Menu Foods
WAW  2  07-634 — Daniel Ray Reeves v. Menu Foods
WAW  2  07-666 — Sheree A. Robinson v. Menu Foods
WAW  2  07-667 — Phyllis A. Ullman v. Menu Foods
WAW  2  07-668 — Elizabeth Palmer v. Menu Foods
WAW  2  07-669 — Jason Labbate v. Menu Foods
WAW  2  07-670 — Megan Whitt v. Menu Foods
WAW  2  07-684 — Linda Weitz v. Menu Foods
WAW  2  07-685 — Michelle Adams v. Menu Foods

<u>**DIST. DIV. C.A. #**</u>                    **CASE CAPTION**

WAW 2  07-686          Lerae Dineen v. Menu Foods
WAW 2  07-687          Sandra Shingle v. Menu Foods
WAW 2  07-688          Gary Thomas v. Menu Foods
WAW 2  07-689          Deborah A. Mullen v. Menu Foods
WAW 2  07-690          Helen Percy v. Menu Foods
WAW 2  07-745          Paula Monk v. Menu Foods
WAW 2  07-746          Tony Boyer v. Menu Foods
WAW 2  07-747          Norman Brenton v. Menu Foods
WAW 2  07-748          Lynda Nagel v. Menu Foods
WAW 2  07-749          Teresa Eilers v. Menu Foods
WAW 3  07-5204         Jeff Rusiecki v. Menu Foods
WAW 3  07-5205         Nancy Guthrie v. Menu Foods

WISCONSIN WESTERN
WIW 3  07-159          Jacqueline Johnson v. The Procter & Gamble Co., et al.
WIW 3  07-248          Penny J. Roberts, et al. v. Menu Foods Income Fund, et al.

# OLVED COUNSEL LIST (CTO-1)
## DOCKET NO. 1850
## IN RE PET FOOD PRODUCTS LIABILITY LITIGATION

Charles H. Abbott
Gibson Dunn & Crutcher
333 South Grand Avenue
45th Floor
Los Angeles, CA 90071-3197

John H. Alexander
John H. Alexander & Associates
100 West Monroe Street
Suite 2100
Chicago, IL 60603

Thomas C. Angelone
Hodosh, Spinella & Angelone
One Turks Head Place
Suite 1050
Providence, RI 02903-1516

Rene Lynn Barge
Class Action Litigation Group
11111 Santa Monica Blvd.
Los Angeles, CA 90025

Geroge S. Bellas
Bellas & Wachowski
15 North Northwest Highway
Park Ridge, IL 60068

Eric J. Benink
Krause, Kalfayan, Benink & Slavens, LLP
625 Broadway
Suite 635
San Diego, CA 92101

Steve W. Berman
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Bruce S. Bistline
Gordon Law Offices
623 West Hays Street
Boise, ID 83702-5512

Garrett D. Blanchfield Jr
Reinhardt, Wendorf & Blanchfield
332 Minnesota Street
Suite E-1250
St. Paul, MN 55101

Norman B. Blumenthal
Blumenthal & Markham
2255 Calle Clara
La Jolla, CA 92037

Anthony G. Brazil
Morris, Polich & Purdy, LLP
1055 West Seventh Street
24th Floor
Los Angeles, CA 90017-2503

Jeniphr A.E. Breckinridge
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Rachel Laine Carnaggio
Godfrey & Lapuyade, P.C.
9557 South Kingston Court
Englewood, CO 80112-5952

Paul C. Catos
Thompson & Bowie
Three Canal Plaza
P.O. Box 4630
Portland, ME 04112

Ilan J. Chorowsky
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610

Christy Comstock
21 West Mountain Street
Suite 300
Fayetteville, AR 72701

Barbara L. Croutch
Pillsbury Winthrop Shaw & Pittman
725 South Figueroa Street
Suite 1200
Los Angeles, CA 90017

Brian R. Cunha
Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720

James L. Davidson
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

Larry D. Drury
Larry D. Drury, Ltd.
205 West Randolph Street
Suite 1430
Chicago, IL 60606

John G. Emerson
Emerson Poynter, LLP
830 Apollo Lane
Houston, TX 77058

Thomas M. Ferlauto
King & Ferlauto
1880 Century Park East
Suite 820
Los Angeles, CA 90067-1627

Luis Guillermo Figueroa
Attorneys Trial Group
540 North Semoran Blvd.
Orlando, FL 32807

Jack Michael Fribley
Faegre & Benson, LLP
90 South Seventh Street
Suite 2200
Minneapolis, MN 55402-3901

Andrew H. Friedman
Helmer Friedman
723 Ocean Front Walk
Venice, CA 90291

Wendi J. Frisch
Morris, Polich & Purdy, LLP
1055 West 7th Street
Suite 2400
Los Angeles, CA 90017

Robert B. Gerard
Gerard & Osuch, LLP
2840 South Jones Boulevard
Building D, Suite 4
Las Vegas, NV 89146

Jeremy Gilman
Benesch, Friedlander, Coplan & Aronoff
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378

Paul Gordon
Paul Gordon, LLC
650 South Cherry Street
Suite 835
Denver, CO 80246

Patrick J. Goss
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201

Daniel E. Gustafson
Gustafson Gluek PLLC
608 Second Avenue South
Suite 650
Minneapolis, MN 55402

Susan M. Hack
Higgs, Fletcher & Mack, LLP
401 West A Street
Suite 2600
San Diego, CA 92101-1406

Jason Matthew Hatfield
Lundy & Davis, LLP
300 North College Avenue
Suite 309
Fayetteville, AR 72701

Bradley T. Hayes
804 State Street
Natchez, MS 39120

Bradley David Hergott
Scandaglia & Ryan
55 East Monroe Street
Suite 3930
Chicago, IL 60603

Harold M. Hewell
Hewell Law Firm
402 West Broadway
Fourth Floor
San Diego, CA 92101

Mick D. Hodges
Peterson Hodges & Harper
P.O. Box 3088
Twin Falls, ID 83303-5298

Charles H. Horn
Wright, Robinson, Osthimer & Tatum
44 Montgomery Street
18th Floor
San Francisco, CA 94104

William Gene Horton
Nolan, Caddell & Reynolds, P.A.
122 North 11th Street
Post Office Box 184
Fort Smith, AR 72902-0184

Don Howarth
Howarth & Smith
523 West Sixth Street
Suite 729
Los Angeles, CA 90014

Brian S. Inamine
Wright, Robinson, Osthimer & Tatum
888 South Figueroa Street
Suite 600
Los Angeles, CA 90017

D. Jeffrey Ireland
Faruki, Ireland & Cox, P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402

Frank Jablonski
Progressive Law Group, LLC
354 West Main Street
Madison, WI 53703

Christopher D. Jennings
Emerson Poynter, LLP
The Museum Center, Suite 305
500 President Clinton Avenue
Little Rock, AR 72201

Robert A. Jigarjian
Jigarjian Law Office
128 Tunstead Avenue
San Anselmo, CA 94960

Jeffrey T. Kestle
Gardner, Bond, Trabolsi, St.
Louis & Clement
2200 Sixth Avenue
Suite 600
Seattle, WA 98121

Michael S. Kreidler
Stich, Angell, Kreidler &
Dodge, P.A.
The Crossings, Suite 120
250 Second Avenue South
Minneapolis, MN 55401

Paul F. Linn
Michael Best & Friedrich, LLP
100 E. Wisconsin Ave, Ste.
3300
Milwaukee, WI 53202

Carrie Ann Lubinski
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Gary E. Mason
Mason Law Firm, P.C.
1225 19th Street, N.W.
Suite 500
Washington, DC 20036

Edward T. Matthews
Fredrikson & Byron
200 South 6th Street
Suite 4000
Minneapolis, MN 55402-1425

John J. McDonough
Cozen O'Connor, LLP
45 Broadway Atrium
Suite 1600
New York, NY 10006

Robert D. McIntosh
Adorno & Yoss, LLP
888 SE 3rd Avenue
Suite 500
Fort Lauderdale, FL
33316-1159

Jennifer L. McKeegan
Gallagher, Sharp, Fulton & Norman
Bulkley Building
6th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Steven J. Merker
Dorsey & Whitney LLP
370 17th Street
Republic Plaza Building
Suite 4700
Denver, CO 80202-5647

Ethan A. Miller
Squire, Sanders & Dempsey, L.L.P.
One Maritime Plaza
Suite 300
San Francisco, CA 94111

Daniel J. Mitchell
Bernstein Shur
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

J. Chad Moore
270 Market Street
Millersburg, PA 17061

Michael S. Morrison
Schonbrun DeSimone Seplow Harris
& Hoffman
723 Ocean Front Walk
Venice, CA 90291-3270

John F. Mullen
Cozen O'Connor
1900 Market Street
Fourth Floor
Philadelphia, PA 19103-3508

Dennis E. Murray Sr.
Murray & Murray Co., LPA
111 East Shoreline Dr.
P.O. Box 19
Sandusky, OH 44871

Michael David Myers
Myers & Co., P.L.L.C.
1809 Seventh Avenue
Suite 700
Seattle, WA 98101

Allison Beth Neidoff
Gibbons, PC
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701

Gregory M. Nespole
Wolf Haldenstein Adler Freeman & Herz
LLP
270 Madison Avenue
11th Floor
New York, NY 10016

Marshall S. Ney
Mitchell, Williams, Selig, Gates &
Woodyard, PLLC
5414 Pinnacle Point Drive
Suite 500
Rogers, AR 72758

William M. O'Mara
O'Mara Law Firm, P.C.
311 East Liberty Street
Reno, NV 89501

Gina E. Och
Murchison & Cumming
Chase Plaza
801 South Grand Avenue
9th Floor
Los Angeles, CA 90017-4613

Katherine J. Odenbreit
Class Action Litigation Group
13123 Garden Land Road
Los Angeles, CA 90049

Behram V. Parekh
Kirtland & Packard, LLP
2361 Rosecrans Blvd.
4th Floor
El Segundo, CA 90245-4923

David C. Parisi
Parisi & Havens
15233 Valleyheart Drive
Sherman Oaks, CA 91403

David A. Payne
Tom W. Cardin, P.C.
607 Main Street
Cassville, MO 65625

Terry M. Poynter
P.O. Box 370
Mountain Home, AR 72654-0370

Andrae P. Reneau
Wexler Toriseva Wallace, LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Eugene R. Richard
Wayne Richard & Hurwitz, LLP
One Boston Place
Suite 3620
Boston, MA 02108

Steven Lee Rodriguez
Cozen & O'Connor
425 California Street
Suite 2400
San Francisco, CA 94104

Daniel L. Rottinghaus
Berding & Weil
3240 Stone Valley Road West
Alamo, CA 94507

Edward B. Ruff III
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673

Steven E. Schwarz
Law Offices of Steven E. Schwarz
2461 W. Foster Avenue
#1W
Chicago, IL 60625

Richard Mark Segal
Pillsbury Winthrop Shaw & Pittman
101 West Broadway
Suite 1800
San Diego, CA 92101

Scott R. Shepherd
Shepherd, Finkelman, Miller & Shah,
LLC
4400 North Federal Highway
Suite 200
Lighthouse Point, FL 33064

Charles W. Spann
Perry & Spann
6130 Plumas Street
Reno, NV 89509

Dan Channing Stanley
Stanley & Kurtz, PLLC
422 South Gay Street
Third Floor
Knoxville, TN 37902

Michael L. Stoker
Johns, Flaherty & Rice, S.C.
205 Fifth Avenue South
Suite 600
P.O. Box 1626
La Crosse, WI 54602

Stuart C. Talley
Kershaw, Cutter & Ratinoff LLP
980 9th Street
19th Floor
Sacramento, CA 95814-2719

Mark John Tamblyn
Wexler, Toriseva, Wallace, LLP
1610 Arden Way
Suite 290
Sacramento, CA 95815

Jennifer Reba Thomaidis
Thomaidis Law, LLC
1866 Vine Street
Denver, CO 80206

Stephen R. Thomas
Moffatt, Thomas, Barrett, Rock & Fields,
Chtd.
P.O. Box 829
Boise, ID 83701

Jeffrey R. Thompson
O'Neil, Parker & Williamson
416 Cumberland Avenue, S.W.
P.O. Box 217
Knoxville, TN 37902

Michael Patrick Turiello
Preztel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673

Adam T. Waskowski
Lord, Bissell & Brook, LLP
111 South Wacker Drive
Chicago, IL 60606

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Scott Wm. Weinstein
Morgan & Morgan, P.A.
12800 University Drive
Suite 600
P.O. Box 9504
Fort Myers, FL 33906

Jeff S. Westerman
Milberg, Weiss & Bershad LLP
One California Plaza, Suite 3900
300 South Grand Avenue
Los Angeles, CA 90071

Jeffrey M. White
Pierce, Atwood, LLP
One Monument Square
Portland, ME 04101

Nicholas M. Wieczorek
Morris Polich & Purdy, LLP
3980 Howard Hughes Parkway
Suite 400
Las Vegas, NV 89109

Cheryl A. Williams
Milberg Weiss & Bershad
One California Plaza
300 South Grand Avenue
Suite 3900
Los Angeles, CA 90071

Shawn A. Williams
Millberg Weiss Bershad Hynes &
Lerach, LLP
100 Pine Street
Suite 2600
San Francisco, CA 94111

Brian D. Wright
Faruki, Ireland & Cox, PLLC
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402